## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASHANDEEP SINGH,            :      No. 3:26cv1607
          Petitioner       :

                                :      (Judge Munley)
                                :

     v.                     :

                                  :

JOHN E. RIFE, Acting Field Office   :
Director of Enforcement and Removal:
Operations, Philadelphia Field Office, :
Immigration and Customs           :
Enforcement; MARKWAYNE MULLIN, :
Secretary, U.S. Department of     :
Homeland Security; U.S.          :
Department of Homeland        :
Security; TODD BLANCHE, Acting   :
U.S. Attorney General; Executive   :
Office for Immigration Review; and  :
CRAIG LOWE, Warden of Pike     :
County Correctional Facility,      :
            Respondents    :

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Petitioner

Jashandeep Singh pursuant to 28 U.S.C. § 2241.[1] (Doc. 1).  Petitioner

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Singh filed the instant petition while detained at the Pike County Correctional Facility which is located in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention.  Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

challenges his present detention at the Pike County Correctional Facility ("Pike CCF") by Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS"). Id.   For the reasons set forth below, the petition will be granted, and the court will order that a bond hearing occur before a neutral and impartial IJ within the next 14 days with the burden on the government to prove dangerousness or risk of flight by clear and convincing evidence.

Singh is a citizen of India. Id. ¶ 17.  He is 22 years old. Id. ¶ 24. Singh indicates that he entered the United States in December 2021 and was not apprehended by immigration officials. Id. ¶ 26.  He filed an application for asylum and withholding of removal with United States Citizenship and Immigration Services in February 2022. Id. ¶ 27. Petitioner indicates that he is a resident of Queens, New York. Id. ¶ 25.  Singh alleges that he is gainfully employed as a retail shop owner. Id. ¶ 31.

For reasons unknown to the record, Singh was on the radar of ICE's Williamsport-based enforcement office. See Gursimran Singh v. Rife, No. 3:26CV1525, 2026 WL 2168470, at *1 (M.D. Pa. July 28, 2026) (granting writ of habeas corpus petition filed by an individual detained by ICE while the agency was targeting the petitioner in this matter).  According to a DHS record:

> On May 30, 2026, Immigration & Customs Enforcement (ICE), Williamsport Sub-Office of Enforcement & Removal Operations (ERO) officers were conducting a targeted enforcement action on Jashandeep Singh A# 240 774 890

(hereafter referred to as SINGH) at 1244 Broad Street, Montoursville, PA 17754. SINGH was identified due to a prior investigation driving a vehicle registered in his name. Officers observed SINGH entering the driver's seat of a red Dodge Charger...which is registered to SINGH.

ERO officers conducted a vehicle stop and identified themselves as ICE officers. Officers informed SINGH they had [a] warrant for his arrest. SINGH refused multiple orders to roll down his window and to get out of the vehicle. Officers notified SINGH several times that if he refused to roll down his window and get out, Officers would have to break his window. After multiple orders, ERO officers attempted to break the partially opened driver's window with a window breaker tool, which failed. Officers broke the rear driver's side window in order to reach the locking mechanism of the driver's door. Officers were unable to reach the mechanism. Officers then grabbed the partially open driver's window and ripped it outwards, which removed the window and allowed officers to open the driver's door.  SINGH was then taken into custody and transported to the ERO Williamsport office for further processing.

(Doc. 6-2, Resp. Ex. 1, I-213 Form at 2).

The DHS record further indicates that the officers were equipped with body cameras and that bodycam footage is available to document Singh's arrest. Id. at 1.

Singh was initially detained at the Clinton County Correctional Facility, where he was served with a Notice to Appear charging him with violating 8 U.S.C. § 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I).  (Doc. 6-3, Resp. Ex. 2 at 2). He was eventually transferred to Pike CCF.  Removal proceedings are occurring

on an expedited basis. That is, according to the Executive Office of Immigration Review automated case information website, Singh had an individual hearing today, July 29, 2026, with an immigration judge ("IJ"). [2]

With his petition for writ of habeas corpus, Singh argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Petitioner further argues that, due to this misclassification, his due process rights are being violated because he has not been provided with a bond hearing. Petitioner thus requests his immediate release from detention.

On behalf of the respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention without the possibility of bond does not violate the INA or the Due Process Clause of the Fifth Amendment. [3] Two

---

[2] See Executive Office for Immigration Review ("EOIR") Automated Case Information at: https://acis.eoir.justice.gov/en/ (last accessed July 29, 2026).

[3] Respondents contend that the only proper respondent is Craig Lowe, the Warden of Pike CCF. (Doc. 5, Resp. Br. at 18). Here, consistent with Padilla, Singh has named the Warden as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent."). Because petitioner has named a proper respondent, the court need not determine whether the remaining respondents should be dismissed. And, to the extent that Craig Lowe is the only proper respondent in this matter, Lowe is acting as an agent of ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

4

appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).  This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second, Sixth, Tenth, and Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[4] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 731-32 (6th Cir. 2026); Santillan Quiroz v. Mullin, No. 26-6019, --- F.4th----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1280-81 (11th Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).[5]

---

[4] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

[5] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189

Respondents indicate their awareness of these prior outcomes. (Doc. 5, Resp. Br. at 2-4) (collecting cases).  The court thus reads the response as not contesting the facts of Singh's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, Santillan Quiroz or its prior decisions.[6]   Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a).  However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ.  8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

---

(E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

[6] Singh is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Barbosa da Cunha, 175 F.4th at 78.  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

As for the constitutional issues raised in Singh's petition, it is undisputed in this case that he entered the United States illegally without inspection or admission.  People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act.  See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Singh has been in ICE custody since May 2026.  "No person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V.  "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that Singh's continued imprisonment at Pike County Correctional Facility pursuant to a mandatory detention statute violates his constitutional rights.[7]

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008).   Under the circumstances presented here, the appropriate remedy is not petitioner's immediate release, but rather a prompt bond hearing before a neutral and impartial IJ.  At that hearing,

---

[7] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335.  First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372.  As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

the government shall bear the burden to justify petitioner's continued detention by clear and convincing evidence that petitioner's continued detention is needed to prevent him from fleeing or harming the community. German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 214 (3d Cir. 2020) (citation omitted). Given the application of this standard in other contexts, this is the standard that must be applied by the IJ. See id. ("Even so, we see no basis for abandoning the settled rule that when a party stands to lose his liberty, even temporarily, we hold the Government to a higher burden of proof.").

These are not the only conditions that will be imposed with this habeas order. Petitioner is entitled to a fair hearing. According the records supplied by the respondents, ICE officers detailed the level of force required to arrest the petitioner. Given the descriptions provided by the ICE officers, the circumstances of petitioner's arrest are likely to play a role in whether he is afforded bond. There is bodycam video of the arrest, which is not relevant to the constitutional or statutory issues before the court, but is relevant to any determination of whether the petitioner is a danger or flight risk. Thus, to ensure a fair hearing from this conditional habeas order, the government will be ordered to turn over the bodycam video to counsel for the petitioner at least 24 hours in advance of the bond hearing. The bond hearing shall occur within 14 days. If

9

the hearing is not conducted in 14 days or in accordance with the above conditions, Singh will be ordered released.[8]

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Jashandeep Singh's petition for writ of habeas corpus, (Doc. 1), is **GRANTED** in part;

2) Singh's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) Respondents shall, **within 14 days of the date of this order,** provide Singh with an individualized bond hearing in accordance with the analysis in the memorandum order;

4) Respondents shall turn over bodycam video of Singh's arrest at least 24 hours prior to the bond hearing;

5) If Singh does not receive a bond hearing under the above-described conditions, he shall be released **no later than August 14, 2026 at 12:00 noon** under the same circumstances that existed prior to his detention,

---

[8] Singh's request for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 is not yet ripe for disposition. A habeas proceeding challenging immigration detention under 28 U.S.C. § 2241 is a "civil action" for purposes of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and the EAJA "unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 432 (3d Cir. 2026). Petitioner will thus be permitted to file a motion for costs and fees pursuant to the EAJA within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.).

10

including, release: (1) within the area near where petitioner lives or was employed; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondent or by any contracted or affiliated facility;

6) On or before **August 14, 2026 at 4:00 PM**, respondent shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Singh has either been provided with a bond hearing or has been released from custody; and

7) The Clerk of Court is directed to **CLOSE** this case.

Date: 7/29/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

11